L. H. Burnett and Harriett R. Burnett v. Commissioner.
Burnett v. Commissioner
Docket No. 54163.
United States Tax Court
T.C. Memo 1956-210; 1956 Tax Ct. Memo LEXIS 86; 15 T.C.M. (CCH) 1090; T.C.M. (RIA) 56210; September 17, 1956
*86 In 1950, petitioner, L. H. Burnett, recovered on a claim which he had received upon the dissolution of a corporation in 1945. The claim had no ascertainable fair market value when received. Held, the amount recovered by petitioner in 1950 was a long-term capital gain, and not ordinary income as determined by the respondent. Westover v. Smith, 173 Fed. (2d) 90 (C.A. 9, 1949); and Susan J. Carter, 9 T.C. 364 (1947), affd. 170 Fed. (2d) 911 (C.A. 2, 1948). R. Carter Scott, Jr., Esq., and Ray R. Shepherd, C.P.A., State-Planters Bank Building, Richmond, Va., for the petitioners. Marion B. Morton, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax for the year 1950 in the amount of $4,195.06. The sole issue is whether the collection, in 1950, of a claim which petitioner, L. H. Burnett, received among other assets in the liquidation of a corporation in 1945, constituted ordinary income or a long-term capital gain. The petitioners conceded other issues originally raised in their petition. Findings of Fact L. H. Burnett (hereinafter referred to *87 as the petitioner) and his wife, Harriett R. Burnett, were residents of Danville, Virginia, during the year in issue. Their joint income tax return for such year was filed with the former collector of internal revenue for the district of Virginia. Prior to 1945, petitioner owned all of the capital stock of a China Trade Act corporation. That corporation was engaged in the business of selling tobacco to buyers in the Orient. In 1941, the corporation sold a cargo of tobacco to the firm of Nangyang Brothers, in China, who insured the shipment of the cargo. Due to wartime conditions, the cargo was lost. The insurers refused to pay for the loss and Nangyang Brothers in turn refused to pay for the tobacco until such time as it collected on the insurance contract. On June 15, 1945, the claim for the lost tobacco shipment was reflected on the books of petitioner's corporation at a value of $1.00. On that date, petitioner liquidated the corporation. He received all of its assets, including the claim, and assumed all of the corporation's liabilities. The claim had no ascertainable value on that date. In 1950, petitioner recovered $13,077.68 from Nangyang Brothers on the lost shipment *88 of tobacco. He reported such sum as a long-term capital gain on the return which he filed for that year. The respondent determined that the amount recovered was ordinary income. Opinion RICE, Judge: The petitioner contends that the claim for the lost shipment of tobacco had no ascertainable market value at the time the corporation was dissolved; that therefore the dissolution of the corporation was not a closed transaction for tax purposes insofar as the claim was concerned; and that his subsequent recovery on the claim was taxable as a capital gain under the authority of (C.A. 9, 1949); and , affd. (C.A. 2, 1948). We agree with the petitioner that the recovery here constituted a long-term capital gain under the authority of the above-cited cases. In the Smith case, the stockholder received an obligation for royalty payments having no ascertainable market value at the time of the dissolution of the corporation; and in the Carter case, the stockholder received oil brokerage commissions which had no ascertainable market value at the time the corporation was *89 dissolved. Relying on , the courts held in both cases that because the assets which the stockholders received had no ascertainable market value at the time the corporations were dissolved, such dissolutions were not closed transactions for tax purposes; and that the amounts eventually recovered were taxable as capital gains rather than ordinary income. We find nothing in the instant case to distinguish it from the Smith and Carter cases. We, therefore, hold that the amount of $13,077.68, which petitioner realized in 1950 on the claim which he received in 1945 upon the dissolution of the corporation, which claim had no ascertainable fair market value at that time, was a long-term capital gain. In support of his determination that the recovery on the claim was ordinary income, the respondent relies on , affd. (C.A. 4, 1952). That case is clearly distinguishable from the one before us. It was decided under a special statutory provision, section 112(b)(7) of the 1939 Code, one not here involved, and concerned assets which had an ascertainable fair market value *90 at the time the corporation was liquidated. Decision will be entered under Rule 50.